U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2019 JUN 25 PM 4: 20

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

SHARON L. FRIERSON, Executrix of the )
Estate of David R. Frierson, )
                                    )
      Plaintiff, )
                                    )
      v. )          Case No.  5:17-cv-247
                                    )
THE UNITED STATES OF AMERICA, )
                                    )
      Defendant. )

## OPINION AND ORDER
### (Docs. 20, 32, 35, 38)

      Plaintiff Sharon L. Frierson, the executrix of the Estate of David R. Frierson, has filed

this case under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 ("FTCA"), alleging

negligent medical care at the White River Junction Veteran Affairs Medical Center ("VAMC").

Like the original complaint (Doc. 1), the currently operative First Amended Complaint (Doc. 18)

asserts negligence by VAMC staff physician Donald O. Kollisch, M.D. (Count I) and by the

VAMC pharmacy (Count II) in connection with a "double-prescription error" of an antifungal

medication prescribed to Mr. Frierson in 2015.  Plaintiff asserts that the error resulted in liver

injury that caused Mr. Frierson's death on August 16, 2015.  The First Amended Complaint

added a new claim (Count III) asserting that VAMC staff and physicians negligently failed to

have Mr. Frierson timely evaluated and transferred for a liver transplant.  (Doc. 18 ¶ 64.)

Although the original complaint was accompanied by a certificate of merit in conformance with

12 V.S.A. § 1042 (Doc. 1-2), the First Amended Complaint does not include a certificate of

merit.

      Several motions related to Count III are currently pending.  In its answer to the First

Amended Complaint, the United States asserted that Plaintiff had failed to exhaust her

1

administrative remedies. (Doc. 19 ¶ 49.) Plaintiff filed a motion for partial summary judgment as to that defense, asserting that Count III was sufficiently presented to the Department of Veterans Affairs in the prior administrative claim. (Doc. 20.) The court took that motion under advisement after a March 12, 2019 hearing.

On March 20, 2019, the United States filed a motion to dismiss Count III under Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff failed to file a certificate of merit related to that claim. (Doc. 32.) Plaintiff filed an opposition to that motion (Doc. 33), and the United States filed a reply (Doc. 34). In its reply, the United States stated that its March 20, 2019 request for dismissal of Count III was "too limited," and asserted that Plaintiff's failure to include a certificate of merit with the First Amended Complaint required dismissal of the entire complaint. (Doc. 34 at 3.)

On May 8, 2019, Plaintiff filed a Rule 15(a)(2) motion for leave to file a second amended complaint that would remove and dismiss Count III. (Doc. 35.) According to Plaintiff, the purpose of the second amendment is to narrow the issues in the case, leaving only Counts I and II for trial. (*Id.* at 1.) Plaintiff filed an additional certificate of merit (Doc. 35-3) with the proposed second amended complaint "for the sake of being extra cautious." (Doc. 35 at 2.) The United States opposes the motion to amend, arguing that it is a "futile attempt to avoid dismissal of the First Amended Complaint" for failure to file a certificate of merit. (Doc. 36 at 2.) Plaintiff maintains that there is no legal support for dismissing the entire First Amended Complaint and no pending motion to do so. (Doc. 37 at 3.)

**Analysis**

## I.     Rule 15 Standard

"Leave to amend should be 'freely give[n] . . . when justice so requires.'" *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (alterations in original) (quoting Fed. R. Civ. P. 15(a)(2)).  Nevertheless, leave to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016) (quoting *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008)).  "A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss." *F5 Capital v. Pappas*, 856 F.3d 61, 89 (2d Cir. 2017) (quoting *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164–65 (2d Cir. 2015)).

## II.     Certificate of Merit Requirement

Vermont law includes the following provision relating to medical malpractice claims:

> No civil action shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after February 1, 2013, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action files a certificate of merit simultaneously with the filing of the complaint.

12 V.S.A. § 1042(a).  The certificate must certify that the attorney or party filing the action has consulted with a qualified expert who has described the applicable standard of care and has indicated that "there is a reasonable likelihood that the plaintiff will be able to show that the defendant failed to meet that standard of care," causing the plaintiff's injury. *Id.*  Failure to file the certificate as required by § 1042 is "grounds for dismissal of the action without prejudice, except in the rare instances in which a court determines that expert testimony is not required to establish a case for medical malpractice." *Id.* § 1042(e).  Because the certificate of merit is a

3

substantive requirement, "it applies equally in the context of the FTCA." *Fredette v. Med. Device Bus. Servs., Inc.*, No. 5:18-mc-58, 2018 WL 4692375, at *1 (D. Vt. June 12, 2018).

The Vermont Supreme Court has recently enforced § 1042's requirements. In *McClellan v. Haddock*, 2017 VT 13, 204 Vt. 252, 166 A.3d 579, the plaintiff's initial pleading omitted the requisite certificate of merit. The defendants moved to dismiss for failure to file the certificate of merit, and the plaintiff filed a motion to amend the complaint to add the certificate. The Vermont Supreme Court affirmed the trial court's dismissal of the complaint. The Court observed that § 1042 "says nothing directly . . . about the possibility of later amending the complaint to add the required certificate." *Id.* ¶ 16. But the Court concluded that "permitting such an amendment would be fundamentally inconsistent with the statutory purpose." *Id.* The purpose of § 1042 "is to protect defendants from the burden of defending medical malpractice claims lacking in expert support." *Id.* ¶ 25. The Court reasoned that "[d]ismissal of a complaint filed without the requisite certificate of merit attesting to such support is essential to effectuate that purpose." *Id.*

The *McClellan* decision controlled the outcome in *Quinlan v. Five-Town Health Alliance, Inc.*, 2018 VT 53, 192 A.3d 390. There, as in *McClellan*, the plaintiff filed his initial complaint without the required certificate of merit. The *Quinlan* Court held that dismissal was required under § 1042(e). *Quinlan*, 2018 VT 53, ¶ 15. Rejecting Quinlan's claim that he "substantially complied" with § 1042(a) by investigating the claim and providing defendants with an expert report, the Court stated that "§ 1042's requirement that a certificate of merit be filed simultaneously with the complaint is mandatory and demands strict compliance." *Id.* ¶ 19.

The initial pleadings in *McClellan* and *Quinlan* lacked the requisite certificate of merit. Here, Plaintiff's original complaint included the required certificate in support of the counts

4

asserted in that pleading (Counts I and II). (Doc. 1-2.) Plaintiff filed the First Amended Complaint—which added Count III—without attaching a certificate of merit. The court begins by focusing on the effect of that omission on Counts I and II.

The United States asserts that Vermont law required Plaintiff to file a new certificate of merit contemporaneously with the First Amended Complaint, and that Plaintiff's failure to do so is a fatal error that cannot be cured. Since that claim turns on the meaning of § 1042, the court must "ascertain and implement the legislative intent." *McClellan*, 2017 VT 13, ¶ 13. To do so, the court begins with the language of § 1042 itself. *See id.* If the terms of the statute are ambiguous, "intent may be inferred 'through consideration of the entire statute, including its subject matter, effects and consequences, as well as the reason and spirit of the law.'" *Id.* (quoting *Tarrant v. Dep't of Taxes*, 169 Vt. 189, 197, 733 A.2d 733, 739 (1999)).

The United States argues that § 1042(a) does not limit itself to the filing of the original complaint, but instead applies to all complaints alleging medical malpractice. (Doc. 36 at 5.) It is true that § 1042(a) plainly "requires the filing of a certificate of merit 'simultaneously with the filing of the complaint.'" *McClellan*, 2017 VT 13, ¶ 16 (quoting 12 V.S.A. § 1042(a)). But "[t]he statute says nothing directly . . . about the possibility of later amending the complaint to add the required certificate." *Id.* The statute also says nothing directly about whether the contemporaneous filing requirement means that the certificate must be filed only with the first pleading that asserts a claim covered by § 1042, or whether it requires that a certificate be filed with all pleadings that assert such claims regardless of whether the claim appeared in a prior pleading and was supported by a certificate of merit.

The *McClellan* Court considered the purpose of § 1042 to conclude that a plaintiff cannot amend a complaint "to supply a certificate of merit wholly omitted when the complaint was

filed." *McClellan*, 2017 VT 13, ¶ 16. This court accordingly considers whether dismissing Plaintiff's First Amended Complaint (and denying leave to file a Second Amended Complaint) is essential to effectuate the purpose of § 1042. As stated above, that purpose "is to protect defendants from the burden of defending medical malpractice claims lacking in expert support." *McClellan*, 2017 VT 13, ¶ 25. The intent is "to screen out meritless claims at the outset." *Id.* ¶ 18.

Here, at least with respect to Counts I and II, the screening function was completed when Plaintiff filed the original complaint and attached the certificate of merit. Even though the First Amended Complaint did not include a certificate of merit, that pleading repeated Counts I and II, both of which had already passed through the screening process. Dismissing those counts is not essential to effectuate the purpose of § 1042.

The court pauses here to note that Count I in the First Amended Complaint is not exactly the same as Count I in the original complaint. The original complaint alleged that Dr. Kollisch breached his duty of care by: (a) prescribing a second 90-day supply of the antifungal medication, (b) missing an April 13, 2015 opportunity to advise Mr. Frierson regarding the double-prescription error, and (c) failing to recognize the error again on July 14, 2015. (Doc. 1 ¶ 55.) The First Amended Complaint includes two additional allegations: (d) that Dr. Kollisch failed to acknowledge or take any action in response to abnormal liver function test results obtained on January 13, 2015, and (e) that Dr. Kollisch failed to monitor Mr. Frierson's liver function at any time during the course of treatment with the antifungal. (Doc. 18 ¶ 55.) The court concludes that, even if Plaintiff should have filed a new certificate of merit encompassing the two new allegations, failure to do so does not establish "grounds for dismissal" of Count I in its entirety under § 1042(e). Plaintiff did not "wholly omit[]" to file a certificate, nor are the two

6

new allegations essential to that count. *McClellan*, 2017 VT 13, ¶ 26 (quoting *Scarsella v. Pollak*, 607 N.W.2d 711, 715 (Mich. 2000)).

The court's conclusion that Counts I and II need not be dismissed to effectuate the purpose of § 1042 is entirely consistent with the *Quinlan* Court's statement that "§ 1042's requirement that a certificate of merit be filed simultaneously with the complaint is mandatory and demands strict compliance." *Quinlan*, 2018 VT 53, ¶ 19. The *Quinlan* Court made that statement in rejecting Quinlan's claim that he "substantially complied" with § 1042(a) by investigating the claim and providing defendants with an expert report prior to filing suit. Here, Plaintiff does not rely on a "substantial compliance" argument because she in fact filed a proper certificate of merit with the original complaint. The *Quinlan* Court's "strict compliance" statement does not speak to the question at issue in this case.

The United States insists that Plaintiff's filing of the certificate of merit with the original complaint "is of no consequence in the present litigation." (Doc. 36 at 7.) The United States cites *McClellan* for the proposition that a certificate of merit required by § 1042 "may . . . be considered an integral part of the complaint itself and effectively merged into the pleading." *McClellan*, 2017 VT 13, ¶ 15. It is also true that "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Hancock v. Cty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (quoting *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000)). Combining those two rules, the United States argues that the certificate of merit filed with Plaintiff's original complaint was rendered "void" when Plaintiff filed the First Amended Complaint.

The court rejects that argument. The United States cites no cases holding that the merger and supersession rules operate together in the way it describes. To the contrary, other courts

have noted that "[w]hile an amended complaint supersedes the original, it normally does so only with regard to the pleading's substance, not its procedural effect." *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 531 (9th Cir. 2018). For example, "[a] timely-filed claim is not rendered untimely when included in an amended complaint filed after the statute of limitations has passed." *Id.* Here, the First Amended Complaint did not supersede the procedural effect of certificate of merit filed with the original complaint. The effect of the properly filed certificate with the original complaint is that Counts I and II passed the screening process. The subsequent amendment did not undo that procedural effect.

For the reasons stated above, the court rejects the United States' contention that Plaintiff's failure to include a certificate of merit with the First Amended Complaint required dismissal of the entire complaint. That omission does not change the fact that Counts I and II survived § 1042's screening process. For the same reasons, the court rejects the United States' derivative arguments that Plaintiff's failure to include a certificate of merit with the First Amended Complaint deprives the court of subject matter jurisdiction, creates a statute of limitations issue, or otherwise violates the FTCA's limited waiver of sovereign immunity.[1]

Ultimately, the United States essentially argues that the proposed Second Amended Complaint is futile because there is nothing left to amend. The court rejects that argument. As discussed above, omission of a certificate of merit from the First Amended Complaint is not fatal

---

[1] The United States has recently sought leave to file a surreply that argues that subject matter jurisdiction is lacking because of the absence of a certificate of merit with the First Amended Complaint. (*See* Doc. 38.) Plaintiff opposes that motion. (Doc. 39.) The court has reviewed the contents of the proposed surreply and finds that it does not affect the court's consideration of the pending motions. The court will therefore deny the motion for leave to file a surreply. *See Chaney v. Stewart*, No. 2:13-cv-246, 2015 WL 1538021, at *1 (D. Vt. Apr. 7, 2015) (striking surreply in part because it did not affect the court's consideration of pending motion).

to Counts I and II under § 1042. Moreover, since the proposed Second Amended Complaint simply removes Count III, granting that amendment moots the remaining two motions related to that count.

## Conclusion

The United States' Motion for Leave to File a Surreply (Doc. 38) is DENIED.

Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 35) is GRANTED.

Plaintiff's Motion for Partial Summary Judgment (Doc. 20) and the Government's Motion to Dismiss Count III (Doc. 32) are both DENIED as MOOT.

Dated at Rutland, in the District of Vermont, this 25 day of June, 2019.

Geoffrey W. Crawford, Chief Judge
United States District Court